[Civ. No. 52451. Second Dist., Div. Three. Jan. 24, 1978.]

RAYMOND A. CADENA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE et al., Real Parties in Interest.

**COUNSEL**

Charles D. Nabarrete and Thomas A. Stanley for Petitioner.

No appearance for Respondent. ·

John H. Larson, County Counsel, and Lester J. Tolnai, Deputy County Counsel, for Real Parties in Interest.

## OPINION

**POTTER, J.**—Petitioner, Raymond A. Cadena, seeks a writ of mandate to compel respondent Superior Court of Los Angeles County to grant discovery as requested of certain records of law enforcement agencies. Petitioner is charged by information with assault with a deadly weapon (Pen. Code, § 245, subd. (b)) on a peace officer, Leonard Kolb, on February 20, 1977.

According to prosecution testimony at the preliminary hearing and the police arrest report, at around 12:30 a.m., Kolb, several other Montebello Police Department officers, and sheriff's deputies went to the home of Ernie Acosta at 210½ Maiden Lane, Montebello, in response to a call for assistance from other Montebello officers who were already at that location as the result of complaints of a loud party disturbing the peace (Pen. Code, § 415). When the additional officers arrived, numerous people were fighting at the scene. As Kolb and others approached the front door of the residence, which was to the rear of another residence, the people at the party threw rocks and bottles, fought with police and yelled obscenities. Petitioner, who was standing in the doorway area of the house, threw a rock which struck Kolb on the face. Several officers were involved in subduing and finally arresting petitioner.

■ Petitioner, however, alleges the officers were the aggressors in the incident and used excessive and brutal force upon himself and other people who were at the location where he was arrested. In a declaration in support of the motion for pretrial discovery, counsel stated on "information and belief" that certain Montebello police officers broke open the screen door of the Acosta home, grabbed and beat Mrs. Acosta and Victor Acosta, and that several other officers accosted and beat petitioner when he came out the front door.

On August 5, 1977, petitioner filed a pretrial discovery motion, seeking 19 items. In the declaration in support of that motion, counsel stated that petitioner's defense will be that "he did not commit the acts which are charged" and "any force which he used . . . was in self-defense" against the "violence" and "use of excessive force by the officers involved in the incident . . . ." Counsel declared that all the information requested was "not known to, or within the possession of defendant or his counsel" and was necessary, material and relevant:

"a. For the effective and proper preparation of the defense . . .

"b. For the proper cross-examination and impeachment of prosecution witnesses;

"c. For the assessment of defendant and defense witnesses credibility, for the prevention of surprise at trial and for the refreshing of defendant and defense witnesses' recollection;

"d. To corroborate the . . . defense testimony that the defendant only used force in self-defense, that it was [peace officers listed in the discovery request under item 15] who were the aggressors at the incident in question and that the use of excessive, unlawful and brutal force by said officers at the incident in question is not an isolated instance but rather a pattern of conduct by said officers, as they each possess a propensity for violence."

After a hearing on October 21, the court issued its discovery order on October 28. Discovery of most of the items as originally requested was granted. The court, however, denied the requests in items 14 and 17 and only granted amended, more limited versions of the requests in items 15 and 16.

Item 14, which was denied, requested the following information with respect to private citizens' complaints filed with the law enforcement agencies in connection with the incident which led to the arrest of petitioner: "The conclusions or recommendations of the persons assigned by the East Los Angeles Sheriff's Department and the Montebello Police Department to investigate the allegations [of] . . . (a) the use of excessive force, false arrest or acts demonstrating racial or ethnic prejudice on February 20, 1977, by the East Los Angeles Sheriff's Department and the Montebello Police Department and/or (b) the propensity of the officer for the use of excessive force, false arrest of members of the public or acts demonstrating racial or ethnic prejudice."

Item 15 sought: "The names, addresses and phone numbers of the complainants and all witnesses where personnel misconduct complaints alleging (a) excessive force (b) improper tactics involving use of force (c) racial prejudice (d) false arrest has been filed, other than this case, against officers J. R. Neary, #1142; Jeff Pasos, #1145; Leonard D. Kolb, #1127; D. Robinson, #1128; Mell T. Christian, #1141, R. Thomas, #1092; Scholl, #1086; Powers, #1151; Larriva, #1095; Werner, #1149 and Garcia, #116 of the Montebello Police Department

and Officers John John Mac Quarrie, #056264, and D. Rodriguez, #078304 of the East Los Angeles Sheriff's Department."[1]

As amended by court order, the discovery requested by item 15 was limited to information with respect to complaints alleging "aggression or use of (a) excessive force [and] (b) improper tactics involving use of force" by the named victim, Officer Leonard Kolb.

Item 16 sought conclusions or recommendations resulting from investigations of prior complaints against the 13 officers listed in petitioner's original requested item 15. Petitioner asked for: "The conclusions or recommendations of persons assigned by the East Los Angeles Sheriff's Department and the Montebello Police Department to evaluate allegations of (a) the excessive force on members of the public, (b) false arrest on members of the public, and (c) acts demonstrating racial or ethnic prejudice, other than in this case, by the officers named in No. 15 above, insofar as such conclusions or recommendations constitute an opinion of said persons as to the use of excessive force, false arrest, racial or ethnic prejudice in each incident by these officers or the propensity of each officer for the use of excessive force, false arrest on members of the public or racial or ethnic prejudice."

As amended by court order, petitioner's discovery pursuant to item 16 was limited to Officer Kolb and to allegations of force, not bigotry. Thus, revised item 16 provided for discovery of: "The names and addresses of any Montebello police officers who have, in connection with [filed citizens' complaints] expressed written conclusions or opinions as to officer Kolb's character or trait of character for the use of excessive force or violence on members of the public or the propensity of officer Kolb for the use of excessive force or violence on members of the public."

Item 17, which was denied in its entirety, requested: "The names, addresses, and telephone numbers of all persons who have filed a claim against the County of Los Angeles and/or the City of Montebello and/or a lawsuit against the County of Los Angeles and/or the City of Montebello or the officers named in No. 15 above, where said claim and/or lawsuit alleges (a) Excessive force (b) improper tactics involving use of force (c) racial prejudice (d) false arrest or false imprisonment or (e) deprivation of civil rights by said officers."

---

[1]Although the charge only involved an assault upon Kolb, the 12 other police officers were all present and participated in the incident.

On November 29, this petition was filed. On December 2, we issued our alternative writ requiring respondent court to grant petitioner's request for pretrial discovery as originally set forth in the items (paragraphs) 14, 15, 16 and 17 of his motion for pretrial discovery or to show cause why a peremptory writ of mandate ordering it to do so should not issue. We also issued a stay of all proceedings in this case.

On January 4, 1977, county counsel, as attorney for real party in interest, Sheriff of the County of Los Angeles, filed a return. No opposition to the petition has been filed by either respondent superior court or real party in interest People of the State of California.

## Contentions

Petitioner contends that respondent trial court abused its discretion by failing to grant discovery of all the information originally requested in items 14, 15, 16 and 17 of his motion. Real party in interest sheriff argues that the court's decision was proper with respect to items 14, 16 and 17. We have examined the record and conclude that discovery of the recommendations relating to the incident should be granted as requested in item 14. We also conclude that discovery should be granted, as requested in items 15 and 16, of the law enforcement agencies' files of prior citizen complaints and conclusions or recommendations of internal investigations regarding any assaultive behavior or ethnic prejudice displayed by the named participating officers. We hold, however, that the court properly denied discovery, sought in item 17, of filed claims and lawsuits against Los Angeles County, the City of Montebello, and named officers.

## Discussion

The principles governing criminal discovery are set forth in *Pitchess* v. *Superior Court,* 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], where, as here, a defendant charged with an assaultive offense against peace officers, sought discovery of investigative files of law enforcement agencies regarding complaints against the peace officers involved for excessive force in order to support his theory of self-defense. Our Supreme Court upheld the trial court's granting of discovery and stated (*id.,* at pp. 535-537):

". . . A defendant's motion to discover is addressed solely to the sound discretion of the trial court, which has inherent power to order discovery

when the interests of justice so demand. (*Hill* v. *Superior Court* (1974) 10 Cal.3d 812, 816 [112 Cal.Rptr. 257, 518 P.2d 1353]; *People* v. *Terry* (1962) 57 Cal.2d 538, 560-561 [21 Cal.Rptr. 185, 370 P.2d 985]; *Powell* v. *Superior Court* (1957) 48 Cal.2d 704, 708 [312 P.2d 698]; *Vetter* v. *Superior Court* (1961) 189 Cal.App.2d 132, 134 [10 Cal.Rptr. 890].) Allowing an accused the right to discover is based on the fundamental proposition that he is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information. (*Hill* v. *Superior Court* (1974) *supra,* 10 Cal.3d at p. 816; *Cash* v. *Superior Court* (1959) 53 Cal.2d 72, 75 [346 P.2d 407]; *Powell* v. *Superior Court* (1957) *supra,* 48 Cal.2d at pp. 707, 709; *People* v. *Riser* (1956) 47 Cal.2d 566, 586 [305 P.2d 1]; Louisell & Wally, Modern Cal. Discovery (2d ed. 1972) *supra,* pp. 881-882.)

"... . . . . . . . . . . . . . . . . . .

"[A]n accused in a criminal prosecution may compel discovery by demonstrating that the requested information will facilitate the ascertainment of the facts and a fair trial. (*Cash* v. *Superior Court* (1959) *supra,* 53 Cal.2d 72, 75; *Powell* v. *Superior Court* (1957) *supra,* 48 Cal.2d 704, 707.) The requisite showing may be satisfied by general allegations which establish some cause for discovery other than 'a mere desire for the benefit of all information which has been obtained by the People in their investigation of the crime.' (*People* v. *Cooper* (1960) 53 Cal.2d 755, 770 [3 Cal.Rptr. 148, 349 P.2d 964]; see also *Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797, 804 [91 Cal.Rptr. 594, 478 P.2d 26]; *Ballard* v. *Superior Court* (1966) *supra,* 64 Cal.2d 159, 167; *People* v. *Terry* (1962) 57 Cal.2d 538, 561 [21 Cal.Rptr. 185, 370 P.2d 985]; *People* v. *Lane* (1961) 56 Cal.2d 773, 785-786 [16 Cal.Rptr. 801, 366 P.2d 57]; *People* v. *Valdez* (1962) 203 Cal.App.2d 559, 565 [21 Cal.Rptr. 764]; Louisell & Wally, Modern Cal. Discovery (2d ed. 1972) *supra,* pp. 883-886.)"

In *Griffin* v. *Municipal Court,* 20 Cal.3d 300, 306 [142 Cal.Rptr. 286, 571 P.2d 997], our Supreme Court reiterated the *Pitchess* standard and further stated (*id.,* at p. 306): "While at the pretrial stage we are not able to determine what evidence a defendant will ultimately proffer in support of his claim, a motion for discovery 'must nevertheless describe the requested information with at least some degree of specificity and must be sustained by plausible justification.' (*Ballard* v. *Superior Court* (1966) 64 Cal.2d 159, 167 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416].). . ."

Petitioner has met these requirements with respect to the information sought in items 14, 15 and 16. Moreover, as in *Griffin* and *Pitchess,* "it is evident that [petitioner] cannot readily obtain the information requested through [his] own efforts, since, as was the case in *Pitchess,* . . . [each of the law enforcement agencies] maintains exclusive control over the records . . . ." (*Griffin* v. *Municipal Court, supra,* 20 Cal.3d at p. 307.)

The sheriff concedes[2] that petitioner should have been granted the full scope of discovery sought in item 15, including filed citizen complaints against all the named participating officers for assaultive behavior and racial prejudice. Moreover, such a concession is compelled by current case law. In *Kelvin L.* v. *Superior Court,* 62 Cal.App.3d 823, 828 [133 Cal.Rptr. 325], Division Five of this court held that since "discovery is not limited to admissible evidence, but encompasses information which may lead to relevant evidence," the "information sought" of prior complaints of excessive force against other arresting officers directly involved in the incident besides the named victim "is relevant to an investigation of the incident and preparation of a defense." And in *Hinojosa* v. *Superior Court,* 55 Cal.App.3d 692, 696 [127 Cal.Rptr. 664], the court pointed out that "[e]vidence of bigotry" as well as "a proclivity for violence on the part of the officers involved in the alleged assault would be material and relevant to the petitioners' defense" where a petitioner, as here, intends to rely on a theory of self-defense.

Petitioner was also entitled to the discovery requested in item 14 of the conclusions or recommendations resulting from internal investigations by the respective law enforcement agencies of complaints of excessive force and prejudice with respect to the incident leading to his arrest. In *Hinojosa, supra,* where the petitioners also asked for, among other things, the records of internal police investigation into the incident itself, the court stated (*id.,* at p. 697): "An accused should be provided with the maximum amount of information to illumine his case. Petitioners do not have a ready access to police files, nor are they privy to any *official probe into the circumstances of the incident itself.* There is no assurance an investigation undertaken by petitioners would reveal the full breadth of relevant material which might be within police files. . . ." (Italics added.)

In the present case, these investigators' conclusions or recommendations might contain reasons which could provide leads to relevant admissible evidence, include references to other uncontacted potential

---

[2]In his return, the sheriff indicates his support for the court's rulings in items 14, 16 and 17 but does not even mention item 15. At oral argument, he conceded this point.

witnesses, or help to refresh defense witnesses' recollection of the event. In the declaration supporting the motion, defense counsel specifically pointed out that the requested information was relevant and necessary for several purposes, including the preparation of the defense, the assessment of defense witnesses' credibility, and the refreshing of defense witnesses' recollections. In *Pitchess* v. *Superior Court, supra,* 11 Cal.3d 531, the defendant sought the information in the files not only as evidence of a character trait of the victim admissible under Evidence Code section 1103 but also in order to refresh his witnesses' recollections. It is clear, therefore, that this information could "facilitate the ascertainment of the facts and a fair trial." (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 536.)

Similarly, the limitation of the discovery information sought in item 16 was erroneous. As we have already pointed out in our discussion of item 15, the scope of discovery should include complaints of racial bigotry and force against all the listed officers, not just Kolb, the named victim. Furthermore, petitioner should have access to the actual conclusions and recommendations of the internal investigations into prior complaints of excessive force and prejudice and not be restricted to just the names and addresses of those investigators who wrote conclusions or opinions. As the *Hinojosa* court observed: "The files of the officers involved in the assault cannot be omitted from a conscientious search for indications of the assaultive or bigoted character of any victims of the crimes charged against petitioners. . . ." (55 Cal.App.3d at p. 697.)

The sheriff, however, claims these conclusions would be inadmissible as lay opinion. We need not determine whether such conclusions or recommendations would be directly admissible under Evidence Code section 1103 as opinion evidence. **(2)** Petitioner need not demonstrate that the requested information would be admissible at trial. (See *Ballard* v. *Superior Court,* 64 Cal.2d 159, 167 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416].) It is an "established principle that in a criminal prosecution an accused is generally entitled to discover all relevant and material information in the possession of the prosecution that will assist him in the preparation and presentation of his defense." (*Murgia* v. *Municipal Court,* 15 Cal.3d 286, 293 [124 Cal.Rptr. 204, 540 P.2d 44].)

Petitioner originally sought discovery for, among other purposes, the "proper cross-examination and impeachment of prosecuting witnesses." These conclusions or opinions could well aid that endeavor. "Information, to be discoverable, need not necessarily be relevant to the ultimate

issue of the accused's guilt or innocence. The defendant also has the right to discovery evidence by which he may rigorously cross-examine and impeach the witnesses against him (*People* v. *Riser, supra,* 47 Cal.2d 566, 586 [305 P.2d 1])." (*People* v. *Johnson,* 38 Cal.App.3d 228, 235 [113 Cal.Rptr. 303].)

In *People* v. *Riser,* 47 Cal.2d 566, 586 [305 P.2d 1] (disapproved on other grounds in *People* v. *Morse,* 60 Cal.2d 631, 649 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810]), our Supreme Court pointed out: "Absent some governmental requirement that information be kept confidential for the purposes of effective law enforcement, the state ... has no interest in convicting on the testimony of witnesses who have not been as rigorously cross-examined and as thoroughly impeached as the evidence permits. ..." These opinions might aid impeachment of prosecution witnesses on the issue of bias. Thus, an officer who had been subjected to internal discipline and censure as a result of citizen complaints of excessive force might well be biased in favor of his fellow officers in his interpretation of whether or not excessive force was used in this incident by a fellow officer. In such a case, evidence that he had often been cited for excessive force would tend to impeach the credibility of his testimony that the victims only used proper force.

The record before us does not indicate what, if any, claims of privilege have been asserted with respect to items 14, 15 and 16. Our conclusion, therefore, that discovery should be granted of all that information is without prejudice to an assertion of privilege and subsequent motion to conduct an *in camera* hearing.[3]

■ Finally, we turn to item 17 where petitioner sought discovery of claims and lawsuits filed against Los Angeles County, the City of Montebello, and the named officers. According to the petitioner, the court denied discovery on the ground that these lawsuits and claims are public record. The petition does not demonstrate to the contrary.[4] Thus, petitioner has failed to show that he "cannot readily obtain the information through his own efforts." (*Hill* v. *Superior Court,* 10 Cal.3d 812, 817 [112 Cal.Rptr. 257, 518 P.2d 1353].) There is no need to burden

---

[3]If the government privilege is claimed (Evid. Code, § 1040) and sustained, the prosecution may, of course, be subject to adverse findings under Evidence Code section 1042, subdivision (a).

[4]With respect to the lawsuits, it is apparent no such showing can be made. The Supervisor of the Civil Register of Los Angeles County cross-indexes all filed civil complaints under the names of all the listed defendants. Petitioner need only use this index, which is open to the public, to gather the information he seeks.

the prosecution or law enforcement agencies to provide petitioner with information that is readily accessible to him.

Let a peremptory writ of mandate issue directing respondent to vacate its order insofar as it denied petitioner's motion for discovery of information in items 14, 15 and 16, and to proceed in accordance with the views expressed herein.

Cobey, Acting P. J., and Allport, J., concurred.