[Civ. No. 48625. First Dist., Div. One. Dec. 18, 1980.]

ROBERT ARCELONA et al., Petitioners, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO
JUDICIAL DISTRICT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Margaret Ryan and Marilyn A. Waller for Petitioners.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Gloria F. DeHart and Kristofer Jorstad, Deputy Attorneys General, for Real Party in Interest.

George P. Colbert and Patricia A. Byrne as Amici Curiae on behalf of Real Party in Interest.

## Opinion

**RACANELLI, P. J.**—This is a proceeding for writ of mandate to compel discovery of certain police records. Petitioners Robert Arcelona, Anthony D. Bishop, Robert A. Firestine, Gabriel A. Griego, Kenneth Lundgreen, Peter Plate, Paul Charles Stevens and David A. Waddle have been charged in various felony actions with acts committed on the night of May 21-22, 1979, during a civil disturbance which followed the announcement of the jury verdict in the trial of former San Francisco Supervisor Dan White for the killings of Mayor George Moscone and Supervisor Harvey Milk. On October 23, 1979, petitioner Lundgreen filed a motion seeking discovery of information contained in the police personnel files of the arresting officers, David Fontana and Charles Warren, including any citizen complaints against those officers of use of excessive force or aggressive conduct or bias against homosexuals. Soon after petitioner Lundgreen filed his motion, the remaining petitioners filed similar motions. A hearing was held before the municipal court at which the parties agreed that the court would dispose of all the motions on the basis of petitioner Lundgreen's "representative" motion.

Petitioner Lundgreen's discovery motion was accompanied by a supporting declaration of counsel stating on information and belief that petitioner Lundgreen had been arrested and criminally charged in connection with the May 21-22 riot;[1] that Lundgreen was the victim of excessive force applied by the arresting officers; that the riot was an intense confrontation between the police department and the homosexual community; that the arresting officers misperceived Lundgreen as a member of the homosexual community; that the arresting officers were biased against the homosexual community; that Lundgreen's arrest took place in the context of a series of unprovoked attacks against members of the homosexual community by police officers on the night of the riot; that it was likely that citizen complaints charging bias against homosexuals and use of excessive force had previously been filed against the arresting officers. Counsel further declared that petitioner Lundgreen's defenses to the criminal charges included 1) self-defense based on the officers' aggressive conduct and 2) false arrest based on the officers' bias against homosexuals.

---

[1]Petitioner Lundgreen has been charged with assault with a caustic chemical (Pen. Code, § 244) and assault on a police officer (Pen. Code, § 245, subd. (b)). The record does not disclose the nature of the charges against the other petitioners.

. The information sought to be discovered included citizens' complaints of excessive force, internal investigatory information and the results of the officers' psychological stress tests.[2] Respondent court denied the discovery motions on the grounds of an insufficient factual showing and concluded that a more detailed statement of facts was required relating to the circumstances of the arrest, the alleged assaults by the arresting officers and of their antihomosexual remarks. Following petitioners' unsuccessful application for relief in the superior court, these proceedings were initiated resulting in the issuance of an alternative writ. (See *Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 155 [118 Cal.Rptr. 14, 529 P.2d 46]; *Brown* v. *Superior Court* (1971) 5 Cal.3d 509, 515 [96 Cal.Rptr. 584, 487 P.2d 1224].) Accordingly, we turn to the merits.

I

The sanction for criminal discovery concerning the past conduct of an arresting officer finds its genesis in *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305], where the court noted that, unlike the statutory development in the civil area, discovery in criminal proceedings "is a judicially created doctrine evolving in the absence of guiding legislation.... Allowing an accused the right to discover is based on the fundamental proposition that he is entitled to a fair trial and an intelligent defense in light of all relevant and reasonably accessible information." (*Id.*, at p. 535.) ▮ Thus, in contrast to the rules of civil discovery which require a showing of good cause based upon specific facts justifying discovery (Code Civ. Proc., §§ 1985, 2036), "an accused in a criminal prosecution may compel discovery by demonstrating that the requested information will facilitate the ascertainment of the facts and a fair trial. [Citations.] The requisite showing may be satisfied by general allegations which establish some cause for discovery other than 'a mere desire for the benefit of all information

---

[2]The specific information requested is summarized as follows:

Items 1 and 2: Records of citizens' complaints against the arresting officers involving excessive force or homosexual bias.

Items 4, 5 and 6: Names and addresses of the citizen complainants and of persons interviewed in connection with the complaints.

Items, 3, 7, 8, 9, and 10: Reports of the police department's internal investigation of the citizen complaints.

Item 11: Titles and action numbers of lawsuits filed by citizens against the arresting officers alleging excessive force or homosexual bias.

Items 12, 13, 14 and 15: Psychological test results and performance evaluations of the officers showing a tendency to use excessive force or a tendency toward homosexual bias.

which has been obtained by the People in their investigation of the crime.'" (*Pitchess* v. *Superior Court, supra,* at pp. 536-537.)

The *Pitchess* court held that a defendant who claims self-defense to a charge of battery upon a police officer is entitled to discover materials in possession of the police department concerning any propensity of the officer to commit acts of violence. The defendant in *Pitchess* was found to have demonstrated good cause for discovery where the information sought was 1) relevant to his defense of self-defense (see Evid. Code, § 1103 regarding admissibility of prior acts), 2) necessary in that the defendant could not readily obtain the information through his own efforts, and 3) described with adequate specificity to preclude the possibility that the defendant was engaging in a "fishing expedition." (*Pitchess* v. *Superior Court, supra,* at pp. 537-538.)

As noted, the standards of criminal discovery enunciated in *Pitchess* evolved "in the absence of legislation." (*Pitchess* v. *Superior Court, supra,* at pp. 535-536; see also *Hill* v. *Superior Court* (1974) 10 Cal.3d 812, 816 [112 Cal.Rptr. 257, 518 P.2d 1353, 95 A.L.R.3d 820].) However, in 1978 the Legislature ended its silence in this area of criminal discovery by enacting legislation providing that "peace officer personnel records and records [of citizens' complaints] . . . , or information obtained from such records, are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Section 1043 of the Evidence Code. . . ." (Pen. Code, § 832.7.) The companion enactment requires a written motion supported by affidavits showing "good cause for the discovery or disclosure sought, setting forth the materiality thereof . . . and stating upon reasonable belief that such governmental agency . . . has such records or information . . . ." (Evid. Code, § 1043, subd. (b)(3).) Access to such information is expressly assured provided it is "relevant to the . . . pending litigation." (Evid. Code, § 1045, subd. (a).) But in determining relevancy of the requested information, the court must conduct an *in camera* examination and shall exclude from disclosure, inter alia, "[i]n any criminal proceeding the conclusions of any officer investigating a [citizen's] complaint. . . ." (Evid. Code, § 1045, subd. (b)(2).) The record manifests a failure to comply with the prescribed statutory procedure.

II

In determining whether "good cause" is shown within the meaning of Evidence Code section 1043, we are guided by the definitive interpreta-

tions provided by *Pitchess* and its progeny since we may presume that the Legislature used that term in the precise sense which had been already placed upon it by the courts. (*People* v. *Curtis* (1969) 70 Cal.2d 347, 355 [74 Cal.Rptr. 713, 450 P.2d 33].)

■ There is no doubt that petitioners' requests for records of citizens' complaints and the names and addresses of the complainants and witnesses will facilitate the ascertainment of facts concerning prior conduct of the arresting officers. Petitioners would have no feasible way of ascertaining whether any complaints had been made against the officers except by obtaining such information from the police department. We therefore conclude that petitioners demonstrated good cause for discovery of the requested information relating to citizens' complaints and witnesses (see fn. 2, items 1, 2, 4, 5, and 6). (*Cadena* v. *Superior Court* (1978) 79 Cal.App.3d 212, 220 [146 Cal.Rptr. 390]; *Kelvin L.* v. *Superior Court* (1976) 62 Cal.App.3d 823, 828 [133 Cal.Rptr. 325]; *Caldwell* v. *Municipal Court* (1976) 58 Cal.App.3d 377, 380 [129 Cal.Rptr. 834]; *Hinojosa* v. *Superior Court* (1976) 55 Cal.App.3d 692, 697 [127 Cal.Rptr. 664]; *In re Valerie E.* (1975) 50 Cal.App.3d 213, 219 [123 Cal.Rptr. 242, 86 A.L.R.3d 1163].) Contrary to respondent court's ruling, counsel's supporting declaration outlining the events of May 21-22 provided adequate factual details demonstrating the manner in which the requested records pertained to his client's possible defenses. Thus, the declaration provided an adequate factual foundation establishing a plausible justification for discovery. (Cf. *Tyler* v. *Superior Court* (1980) 102 Cal.App.3d 82, 88 [162 Cal.Rptr. 82].)

■ However, with respect to information regarding civil lawsuits by citizens who may not have lodged an administrative complaint, we conclude petitioners have failed to demonstrate good cause since there is no showing they cannot readily obtain the information independently (e.g., a search of the defendant-index for the civil register of the San Francisco County Superior Court). There is no need to burden the prosecution or law enforcement agencies to provide information which is readily accessible to petitioners from public records. (*Cadena* v. *Superior Court, supra*, 79 Cal.App.3d at pp. 222-223.)

The scope of disclosure of verbatim reports of internal investigations (items 3, 7, 8, 9 and 10) once generally permitted under established *Pitchess* principles (see, e.g., *Cadena* v. *Superior Court, supra*, 79 Cal. App.3d 212, 220-221; *Caldwell* v. *Municipal Court, supra*, 58 Cal. App.3d 377; *Hinojosa* v. *Superior Court, supra*, 55 Cal.App.3d 692,

697), is now circumscribed under the statutory scheme. While subdivision (a) of Evidence Code section 1045 implicitly recognizes the continuing vitality of judicially developed rules of criminal discovery (cf., *People* v. *Municipal Court (Hayden)* (1980) 102 Cal.App.3d 181, 185 [162 Cal.Rptr. 347] [affidavit on information and belief held sufficient]), subdivision (b)(2) represents a statutory modification of case law principles in excluding any *conclusions* resulting from internal investigations of citizens' complaints as being irrelevant. Accordingly, petitioners' request was overbroad in this regard and properly denied.

▮ Finally, we likewise conclude that information pertaining to psychological test results and performance evaluations (items 12-15) was not properly discoverable. At the outset we recognize that unlike *Lemelle* v. *Superior Court* (1978) 77 Cal.App.3d 148 [143 Cal.Rptr. 450] [denial of a similar request upheld as being overbroad], the request was limited to the character traits in issue and thus not objectionable as a "blanket request." Nevertheless, for the reasons hereafter discussed, we conclude the motion was properly denied as to such items.

Evidence Code section 1045 declares as irrelevant and nondiscoverable "[f]acts . . . so remote as to make disclosure of little or no practical benefit." (Evid. Code, § 1045, subd. (b)(3).) The supporting declaration merely states that the test results *may* form the basis of psychiatric opinion concerning the officers' character (Evid. Code, § 1103) and *may* show bias for purposes of impeachment (Evid. Code, § 780, subd. (f)). In our opinion, the potential probative value of the requested information for the precise purposes stated is remote and purely speculative.

Moreover, the value to the accused of the information sought must be balanced against other legitimate governmental interests. (*Pitchess* v. *Superior Court, supra,* 11 Cal.3d at p. 538; *Tyler* v. *Superior Court, supra,* 102 Cal.App.3d at p. 87; *Craig* v. *Municipal Court* (1979) 100 Cal.App.3d 69, 76-79 [161 Cal.Rptr. 19]; *Lemelle* v. *Superior Court, supra,* 77 Cal.App.3d at pp. 164-166.) In *Foster* v. *Superior Court* (1980) 107 Cal.App.3d 218 [165 Cal.Rptr. 701], we held that the strong public policy considerations preserving confidentiality of juvenile court proceedings constitute a legitimate public interest to protect against the wholesale disclosure of the juvenile court records of complaining witnesses; only insofar as the information would aid the defendant's constitutional rights of confrontation and cross-examination

could the principles of confidentiality be limited. Similar reasoning is appropriate herein.

Both constitutional (Cal. Const., art. I, § 1) and statutory (Civ. Code, § 1798 et seq.) principles protect the right of privacy of individuals and limit disclosure of personal data. (Civ. Code, § 1798.3, subds. (a)(2) and (3); Pen. Code, § 832.7.) Such important individual guarantees should not be hobbled without a countervailing showing that the lack of the requested information intrudes upon defendant's constitutional right to a fair trial or otherwise impairs his ability to prepare an adequate defense. Petitioners have failed to make such conditional showing absent which the fundamental right of privacy and privilege of confidentiality must remain inviolate.

Let a peremptory writ of mandate issue directing respondent court to vacate its order denying petitioners' motions for discovery and commanding respondent court to conduct further discovery proceedings consistent with the views expressed herein.

Newsom, J., and Grodin, J., concurred.