[No. D004472. Fourth Dist., Div. One. June 3, 1986.]

TERRY WYNN MILLAUD, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE et al., Real Parties in Interest.

COUNSEL

Melvin W. Nitz and Richard P. Siref for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and Les W. Dubow, Deputy District Attorneys, Hollywood & Neil and Michael I. Neil for Real Parties in Interest.

OPINION

**WORK, J.**—Terry Wynn Millaud, defendant in a criminal prosecution charging homicide, robbery, and other offenses, seeks a writ of mandate to compel pretrial criminal discovery. (*Hill* v. *Superior Court* (1974) 10 Cal.3d 812, 816 [112 Cal.Rptr. 257, 518 P.2d 1353, 95 A.L.R.3d 820]; *Joe Z.* v. *Superior Court* (1970) 3 Cal.3d 797, 801 [91 Cal.Rptr. 594, 478 P.2d 26].)

We have concluded discovery was improperly denied and the writ shall issue.

The charges with which we are concerned arise out of a homicide occurring at an Alpha Beta Supermarket located at 3400 Palm Avenue in San Diego. They allege Millaud attempted to steal an automobile and water jug from a Cecelia Irwin, who phoned her husband, Charles Irwin, and son, Dennis Irwin, for help. They came to the store and became involved in a fight with the man Mrs. Irwin pointed out as her assailant. After an extensive scuffle, the assailant stabbed and killed Charles Irwin.

After the incident, Alpha Beta hired a private investigating service whose employees interviewed witnesses and prepared notes and tape recordings of those conversations and photographed and videotaped the crime scene. Millaud's counsel served a subpoena duces tecum on Alpha Beta requesting production of copies of all notes, tape recordings, and all other writings, recordings, photographs, videotapes and any other pertinent information about the incident. One such report was provided to both the prosecution and defense counsel, but Alpha Beta declined to surrender the remaining material unless the trial court made a protective order limiting use of the material to the criminal prosecution. Alpha Beta contended much of the material was work product or subject to the attorney-client privilege, and did not wish it to be used in any civil action which might be filed against it.

The trial court refused to order Alpha Beta to produce the requested materials because it knew of no jurisdictional authority for such an order. Further, the court said it knew of no right to obtain discovery in a criminal case by subpoena duces tecum, nor of authority to obtain such discovery against third parties. It concluded documents may not be subpoenaed at a criminal discovery hearing and denied Millaud's motion to produce.

Both Alpha Beta and the prosecuting attorney agreed to the issuance of a protective order, and Alpha Beta's attorney agreed to produce the requested material if such an order were made.

Millaud also sought discovery against the prosecution, requesting, among other things, "[a]ll felony convictions, probationary status and current charges, pending against any and all witnesses, real or potential, in all of the charges against the Defendant." Although granting the motion as to felony convictions, the trial court denied discovery of witnesses' misdemeanor probationary status, expressing the opinion there is no rational likelihood a witness could be subject to prosecutorial coercion by the threat of probation revocation in such cases.

Responding to this ruling, the People argued Millaud's request for discovery of probationary status of all witnesses was overbroad inasmuch as the pending charges include many offenses committed over a seven-week "criminal rampage." Further, they contend Millaud has an adequate remedy because Penal Code section 11105, subdivision (b)(8) permits him to obtain the desired information himself. The People do not dispute Millaud's entitlement to discovery of the requested information regarding probationary status, at least as to some witnesses.

I. *Alpha Beta's Investigatory Materials*

The trial court erred in believing it had no power either to enforce a subpoena duces tecum for discovery in a criminal case or to fashion a protective order to protect third party rights. There is ample authority for both. ■ To begin with, the trial court's power to provide for discovery in a criminal case exists "even in the absence of constitutional mandate or enabling legislation" (*Reynolds* v. *Superior Court* (1974) 12 Cal.3d 834, 837 [117 Cal.Rptr. 437, 528 P.2d 45]; *People* v. *Memro* (1985) 38 Cal.3d 658, 677 [214 Cal.Rptr. 832, 700 P.2d 446]) and is in fact an inherent power "to develop rules of procedure aimed at facilitating the administration of criminal justice and promoting the orderly ascertainment of the truth." (*Joe Z.* v. *Superior Court, supra,* 3 Cal.3d at pp. 801-802; *People* v. *Memro, supra,* at p. 677; see generally Traynor, *Ground Lost and Found in Criminal Discovery* (1964) 39 N.Y.U. L.Rev. 228.) Accordingly, the lack of specific statutory authority for the procedure is not conclusive.[1]

■ Second, it has been specifically determined that a criminal defendant has a right to discovery by a subpoena duces tecum of third party records upon a showing of good cause, i.e., specific facts justifying discovery and showing such discovery is not an unreasonable search and seizure as to the third party. (*Pacific Lighting Leasing Co.* v. *Superior Court* (1976) 60 Cal.App.3d 552 [131 Cal.Rptr. 559].) The decision in *Pacific Lighting Leasing* says *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305] is direct authority for the existence of trial court power in criminal proceedings to issue a subpoena duces tecum requiring production

---

[1] The broad inherent powers of a criminal trial court to issue protective and seal orders is discussed, e.g., in *Rosato* v. *Superior Court* (1975) 51 Cal.App.3d 190, 206-207 [124 Cal.Rptr. 427], that case involving the power to seal a grand jury transcript in protection of the defendant's fair trial rights, and the implied enforcement powers accompanying that protective power. The *Rosato* court pointed out that the court's inherent powers over its procedures are neither "created nor circumscribed" by the various statutes defining such powers. (*Id.*, at p. 206.) This observation is perhaps even more cogent in the area of criminal discovery, a body of almost completely judicially created law. The trial court's unnecessarily crabbed view of its power in this regard is out of harmony with the creative evolution of precedent in this area of law.

of documentary evidence in the hands of a nonparty. (*Pacific Lighting Leasing Co., supra,* at p. 560.) *Pitchess* does so hold, pointing out the trial court has inherent power to order discovery when the interests of justice so demand. (*Pitchess v. Superior Court, supra,* at pp. 535-537; see also *Hill v. Superior Court, supra,* 10 Cal.3d at p. 816.)

We have no doubt the broad power of the trial court to fashion criminal discovery procedures satisfying, so far as possible, the legitimate needs of all parties, includes the power to issue protective orders preventing unjustified use of the requested materials. Such power exists in civil matters, and has been held not to violate any First Amendment rights although such an order does restrict dissemination of information. (See *Coalition Against Police Abuse v. Superior Court* (1985) 170 Cal.App.3d 888 [216 Cal.Rptr. 614].) Further, the court in *Pacific Lighting Leasing Co., supra,* points out "[i]n criminal cases, the trial court retains wide discretion to protect against the disclosure of information which might unduly hamper the prosecution or violate some other legitimate governmental interest." (*Pacific Lighting Leasing Co., supra,* 60 Cal.App.3d at p. 566; see also *People v. Lopez* (1963) 60 Cal.2d 223, 246-247 [32 Cal.Rptr. 424, 384 P.2d 16].) We see no reason why the court cannot protect against disclosure which would hamper a third party or injure its interests, as well as prevent disclosure which would harm the prosecution.

Further, inasmuch as Alpha Beta is willing to release the material subject to protective order, we see no need to analyze in further depth Millaud's showing of justification for the discovery. Interviews of witnesses and investigations of the scene of the crime are clearly relevant and useful to the defendant in preparing his case. The sensible resolution of this issue, as all parties agree, is to permit the discovery subject to a protective order limiting use of the material to the criminal prosecution.

## II. *Probationary Status of Witnesses*

The People do not contest Millaud's right to know the probationary status of at least some of the prosecution witnesses. Such information must be made available to a criminal defendant at some point before cross-examination of a witness, by compulsion of the United States Constitution, Sixth Amendment, right to confrontation of witnesses. (*Davis v. Alaska* (1974) 415 U.S. 308 [39 L.Ed.2d 347, 94 S.Ct. 1105].) Further, *People v. Coyer* (1983) 142 Cal.App.3d 839, 842-843 [191 Cal.Rptr. 376], holds a defendant is entitled to *discovery* of such information before trial, so that he may reasonably prepare his defense. (*Id.,* at pp. 842-843.) Such information must be provided regardless whether the witness is within the jurisdiction; for, even though the prosecutor may have no actual influence

over a witness's probationary status, "it is the witness' subjective expectations, not the objective bounds of prosecutorial influence, that are determinative" for purposes of impeachment. (*Id.*, at p. 843.) These principles follow from the defendant's general right to discover evidence by which he can vigorously cross-examine and impeach the witnesses against him. (*Cadena* v. *Superior Court* (1978) 79 Cal.App.3d 212, 221-222 [146 Cal.Rptr. 390].)

The People, however, say, first, the request is overbroad as being directed to all witnesses; and second, defense counsel can obtain such information by his own efforts under Penal Code section 11105, subdivision (b)(8), authorizing various persons, including defense attorneys in criminal cases, to obtain state summary criminal history information about individuals "when authorized access by statutory or decisional law." As to this latter claim, however, Millaud says the requirement that a defense attorney prove access is authorized may well lead to delay or difficulty which could be avoided by requesting the district attorney, who is subject to no such limitations (see Pen. Code, § 11105, subd. (b)(3)), to provide the information instead.

Clearly, the authorities we have cited establish Millaud's right to obtain information regarding probationary status of witnesses. We affirm the existence of this right and assume the Department of Justice will provide the information as authorized by Penal Code section 11105, subdivision (b)(8) and by this opinion. Accordingly, we perceive no need to request the district attorney to do the work for Millaud's counsel. Should problems develop when defense counsel requests the information, extraordinary relief from this court may then become appropriate, but at this point we do not think it warranted.

▮ As to the alleged overbreadth, it appears to us the credibility of all prosecution witnesses is relevant; they would not be called by the prosecution if they were not to testify to facts necessary to prove conviction. Nor does the district attorney make any factual claim showing burdensome overbreadth. At least on its face this discovery request seeks far less information than, for example, sweeping inquiries as to earlier police conduct which have been found authorized subjects of criminal discovery. (See *Pitchess* v. *Superior Court, supra,* 11 Cal.3d 531; *People* v. *Memro, supra,* 38 Cal.3d 658; *Cadena* v. *Superior Court, supra,* 79 Cal.App.3d 212.)

We conclude a peremptory writ should issue. An alternative writ or order to show cause would add nothing to the presentation. (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [92 Cal.Rptr. 165].)

Let a writ of mandate issue directing the trial court to modify its discovery orders dated April 7, 1986, by ordering Alpha Beta to release to the defense counsel the investigative material sought by subpoena duces tecum, subject to a protective order preventing use of the material in any but this proceeding. In all other respects, we deny the petition.

Kremer, P. J., and Butler, J., concurred.