[Civ. No. 29821. First Dist., Div. Four. Sept. 23, 1971.]

GLENN ENGSTROM, Petitioner, v.
THE SUPERIOR COURT OF ALAMEDA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

James C. Hooley, Public Defender, and Gary M. Sirbu, Assistant Public Defender, for Petitioner.

No appearance for Respondent.

Evelle J. Younger, Attorney General, Edward P. O'Brien, Gloria F. De-Hart and Charles R. B. Kirk, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**CHRISTIAN, J.** — Petitioner Glenn Engstrom seeks mandate to compel respondent, the Alameda County Superior Court, to grant discovery. Petitioner is charged with murder of Faustin Feehan and felonious assault on Reginald Rassette and Brent Bauer. In an affidavit in support of a discovery motion, petitioner's attorney represented that at the preliminary hearing and in pretrial statements to the police, prosecution witnesses stated that petitioner had come to the home of Anna Coehlo, and that while there he got into an argument with the deceased. During an ensuing scuffle a gun was seen in petitioner's hand; petitioner assertedly shot the deceased and then fired several more shots, injuring Rassette and Bauer. Several persons in the room then disarmed petitioner, who jumped out the window and escaped. According to the affidavit, petitioner will raise the defense of self-defense. His version of the incident, as told to the police, was that he had been living with Anna Coehlo; after the relationship broke up, Miss Coehlo was hostile and bitter toward petitioner. She called him and asked him to remove his personal belongings from her home; when he arrived he was attacked by the deceased and several other persons. "Someone" produced a gun and began hitting petitioner with it. Petitioner grabbed the weapon and it discharged three times.

By means of the discovery motion, petitioner sought the following information:

1. The felony conviction, detention and arrest records of the victims "which relate to any act or attempted act of violent or assaultive conduct" to prove that the victims initiated the attack.

2. The felony conviction records of prosecution witnesses (named in the motion) to impeach their credibility.

3. Portions of the detention, arrest and/or conviction records of the witnesses which relate to acts or attempted acts of violence "to prove that said witnesses conspired to and did initiate the chain of events which led to the alleged offenses when they attacked defendant, . . ."

4. "Any police reports, memoranda, or other information in the actual or constructive possession of or available to the District Attorney of the County of Alameda" which relate to acts or attempted acts of violence by any of the victims or witnesses to prove that the victims and witnesses conspired to and did initiate the attack. The motion was denied by the trial court.

■ The issue before us is not whether the district attorney should be required to disclose relevant materials in his possession; that obligation is conceded (see *Giles* v. *Maryland* (1967) 386 U.S. 66 [17 L.Ed.2d 737, 87 S.Ct. 793]; *Brady* v. *Maryland* (1963) 373 U.S. 83 [10 L.Ed.2d 215, 83 S.Ct. 1194]; *People* v. *Cooper* (1960) 53 Cal.2d 755, 769-770 [3 Cal. Rptr. 148, 349 P.2d 964]). The People do contend that the prosecutor should not be required to obtain for the defense records of felony convictions or prior assault arrests of the victims or nonvictim witnesses where such information, although available to the prosecutor, is not actually in his possession.

The theory behind criminal discovery was stated in *People* v. *Riser* (1956) 47 Cal.2d 566, 586 [305 P.2d 1]: "Absent some governmental requirement that information be kept confidential for the purposes of effective law enforcement, the state has no interest in denying the accused access to all evidence that can throw light on issues in the case, and in particular it has no interest in convicting on the testimony of witnesses who have not been as rigorously cross-examined and as thoroughly impeached as the evidence permits." The same policy applies to information not in the prosecutor's possession but available at his request from other agencies which are part of the criminal justice system.

■ We have concluded that the court should require the prosecution

to make diligent good faith efforts to obtain and make available to the defense pertinent information in the possession of other agencies which are parts of the criminal justice system. It has already been held that a trial court may, in its discretion, order a prosecuting witness in a rape case to submit to a psychiatric examination (*Ballard* v. *Superior Court* (1966) 64 Cal.2d 159, 176-177 [49 Cal.Rptr. 302, 410 P.2d 838, 18 A.L.R.3d 1416]) or order that a body be made available to defense experts for examination (*People* v. *Vick* (1970) 11 Cal.App.3d 1058, 1066 [90 Cal.Rptr. 236]). Thus criminal discovery is flexible and not necessarily limited to documents or physical evidence in the hands of the prosecutor. In the present case, part of the information requested by petitioner relates to criminal records potentially admissible for purposes of impeachment. The information was therefore discoverable. (*In re Ferguson* (1971) 5 Cal.3d 525, 533 [96 Cal.Rptr. 594, 487 P.2d 1234].)

The Attorney General argues that conviction records are kept by the Bureau of Criminal Identification and Investigation of the Department of Justice, and the district attorney has no duty to obtain these records for the defendant. Penal Code section 11105[1] does not authorize the bureau to provide records directly to private individuals; but there is no prohibition against giving an accused person access to information pertinent to his defense.

Unless criminal conviction records of prosecution witnesses are made available to the defense, the defendant would be at a great disadvantage. The prosecution has access to such records to impeach defense witnesses, but the defendant would not have equal access to criminal records. The effort required by the prosecution to obtain conviction records from the

---

[1]Section 11105. "(a) The Attorney General shall furnish, upon application in accordance with the provisions of subdivision (b) of this section, copies of all information pertaining to the identification of any person, such as a plate, photograph, outline picture, description, measurement, or any data about such person of which there is a record in the office of the bureau.

"(b) Such information shall be furnished to all peace officers, district attorneys, *probation officers, and courts of the state, to United States officers or officers of other* states, territories, or possessions of the United States, or peace officers of other countries duly authorized by the Attorney General to receive the same, and to any public defender or attorney representing such person in proceedings upon a petition for certificate of rehabilitation and pardon pursuant to Section 4852.08, upon application in writing accompanied by a certificate signed by the peace officer, public defender, or attorney, stating that the information applied for is necessary for the due administration of the laws, and not for the purpose of assisting a private citizen in carrying on his personal interests or in maliciously or uselessly harassing, degrading or humiliating any person.

"(c) Such information shall not be furnished to any persons other than those listed in subdivision (b) of this section or as provided by law; provided, that such information may be furnished to any state agency, officer, or official when needed for the performance of such agency's, officer's or official's functions."

Bureau of Criminal Identification and Investigation is minimal compared with the potential value of such records to the defense. Therefore we conclude that the prosecution should be required, on request, to obtain and make available information concerning felony convictions of prosecution witnesses.[2] If such information is obtained by the prosecution from the Bureau of Criminal Investigation and Identification of the Department of Justice, the entire "rap sheet" need not be disclosed.

 Arrest records and other police records of criminal activity, also sought by petitioner, could not be used for impeachment purposes; and their discovery could not be justified on impeachment grounds. (See Evid. Code, § 787.) But specific acts of aggression by the alleged victim may be admissible to show that the victim was the aggressor; such evidence would be material when the defense is self-defense, or where the defendant seeks to show mitigating circumstances to reduce the charge. (*In re Ferguson, supra,* 5 Cal.3d 525, 534; *People* v. *Smith* (1967) 249 Cal.App.2d 395, 404-405 [57 Cal.Rptr. 508]; Evid. Code, § 1103.) Again, because the information requested is available to the district attorney and not otherwise available to the defense, the district attorney should be required to obtain the information where a showing of good cause is made. In the present case, petitioner has disclosed his planned defense; there is no reason to doubt the good faith of his request for discovery in aid of the self-defense theory. Although the court is not required indiscriminately to allow discovery of all arrest records of all witnesses, we conclude that where a claim of self-defense is offered, and the alleged victim of an offense is claimed to have been the aggressor, information concerning arrests for specific acts of aggression by the alleged victim must be produced if available to the prosecutor.

 Finally, petitioner seeks to discover portions of the detention, arrest, or conviction records of (nonvictim) witnesses and all other "police reports, memoranda, or other information in the actual or constructive possession of or available to the District Attorney" which relate to any act or attempted act of violence or "assaultive conduct" by a victim or other witness. The court acted properly in denying these requests; they lacked sufficient specificity. (*Ballard* v. *Superior Court, supra* 64 Cal.2d 159, 167.) The term "assaultive conduct" is ambiguous; the time covered by the request was not specified. The materiality of information concerning all prior acts of violence or assaultive conduct, sought to prove a present plan by the prosecuting witnesses to attack petitioner, might well be outweighed by the burden which would be placed on the prosecution if the court ordered it to obtain all available records of such conduct.

---

[2]See American Bar Association Project on Minimum Standards for Criminal Justice (approved draft [1970]) Discovery and Procedure Before Trial, section 2.4, page 83.

A writ will issue directing the court to vacate its order denying discovery and grant discovery in accordance with the views expressed herein.

Devine, P. J., and Rattigan, J., concurred.

A petition for a rehearing was denied October 15, 1971, and the opinion was modified to read as printed above. The petition of the real party in interest for a hearing by the Supreme Court was denied November 18, 1971.