141 N.J. Super. 13 (1976)
357 A.2d 62
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GWYLLEN BURGESS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 5, 1976.
Decided April 22, 1976.
*15 Before Judges CARTON, CRAHAY and HANDLER.
Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Mr. Michael C. Shale, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mr. Kenneth P. Ply, Assistant Prosecutor, of counsel and on the brief).
PER CURIAM.
A jury found defendant guilty of atrocious assault and battery upon his coworker, Joseph Lenkiewicz, in violation of N.J.S.A. 2A:90-1. A motion for a new trial, urged on the ground that the verdict was against the weight of the evidence, was subsequently heard and denied.
The incident in question occurred during work and involved a dispute as to whether defendant was permitted to have a barrel that Lenkiewicz had been using. Defendant did not testify at trial but the proofs were sufficient to raise a claim of self-defense. In relation to this defense defendant sought to elicit testimony from one Smith, the supervisor of both men, concerning Lenkiewicz' reputation for aggressiveness. On voir dire Smith stated that he had known Lenkiewicz for 15 years and had contact with him on a daily basis. He answered affirmatively when asked if he was aware of Lenkiewicz' reputation for being a peaceful, law-abiding man, and went on to testify that Lenkiewicz was a good company man and not violent. He also said Lenkiewicz became "irritable" when anyone didn't follow what he considered "the best way to do things." When asked if Lenkiewicz *16 had ever created any kind of fights or altercations, Smith answered, "A few verbal set-to's probably, but nothing resulting in violence of any kind."
The trial judge ruled that Smith's testimony was inadmissible because a proper foundation had not been laid and because Smith's testimony was inadequate to show that Lenkiewicz had a reputation for violence. Defendant contends the refusal to admit this evidence constituted reversible error. We disagree.
It is clear that under the proper circumstances evidence of reputation for aggressiveness on the part of the victim of an assaultive offense is admissible. State v. Engels, 2 N.J. Super. 126 (App. Div. 1949); State v. Dart, 11 N.J. Misc. 192 (Sup. Ct. 1933); Evid. R. 47. Such evidence bears meaningfully on the conduct and state of mind of the defendant and is probative of whether he might not have acted in self-defense or under reasonable provocation or indeed might himself be regarded as victim rather than assailant.
The trial judge did not elaborate upon his conclusion that a proper foundation had not been laid. The New Jersey cases do not discuss the elements of a proper foundation. State v. Engels and State v. Dart, supra do, however, imply that at the very least it must be demonstrated that defendant had knowledge of the "victim's" reputation for aggressiveness. Other jurisdictions similarly reflect this view  that absent proof of defendant's knowledge of the pugnacious reputation, evidence thereof will not be admitted. Annotation, "Evidence-Self Defense-Reputation," 1 A.L.R.3d 571, 596-601 (1965). This requirement makes much sense since in the context of a self-defense claim an assertion that defendant's actions were influenced or prompted by the victim's aggressive reputation has little significance if defendant was actually unaware of that reputation. Here, there was no such showing. Thus, it appears there was a valid basis for the trial judge in this case to rule that the foundation was inadequate.
*17 Moreover, the judge was correct in concluding that the proffered testimony did not support defendant's thesis of a threatening reputation on the part of Lenkiewicz. Although different terminology has been used to describe the type of reputation that, if shown, will support a claim of self-defense, the New Jersey cases speak in terms of "dangerous and quarrelsome" (Dart, supra at 192) and "violent, quarrelsome and dangerous" (Engels, supra, 2 N.J. Super. at 129). The common denominator as to the requisite reputation appears to be the element of dangerousness. Having a reputation for mere vexatiousness, argumentativeness or irritability, without a propensity toward violence or a concomitant tendency to attack or menace others, would not as such be sufficiently evidential on the issue of self-defense. Clearly, Smith's testimony did not show that Lenkiewicz had a reputation for violent or assaultive behavior and accordingly, the trial judge's decision to exclude it was not an abuse of discretion.
Defendant next contends, as plain error, that the jury should have been instructed on the lesser offenses of assault and battery (N.J.S.A. 2A:170-26) and fighting (N.J.S.A. 2A:170-27). No request was made for these instructions (R. 1:8-7) and no objection raised when they were not given (R. 1:7-2). The contentions lack merit.
We have carefully reviewed the record and it is clear that there was no reasonable basis in the proofs for an instruction on the lesser-included offense of assault and battery. State v. Saulnier, 63 N.J. 199, 206-207 (1973). As to the disorderly persons offense of fighting, such an instruction, on the facts of this case, would not only have been inappropriate but it would have been improper. See State v. Jordon, 86 N.J. Super. 585 (App. Div. 1965).
Defendant's additional attacks on the jury instructions are similarly without merit. Read as a whole, the charge on self-defense was neither misleading nor erroneous and the judge's review of the evidence was not so one-sided *18 as to prejudice the defendant. State v. Wilbely, 63 N.J. 420, 422 (1973); State v. Hipplewith, 33 N.J. 300, 317 (1960). Assuming any error at all, it was clearly harmless. State v. Macon, 57 N.J. 325 (1971).
Defendant's final contention is that the verdict was against the weight of the evidence. Although there was some conflict in the testimony as to the exact sequence of events which preceded and constituted the altercation, the State's proofs supported a finding that defendant kicked Lenkiewicz, breaking three of his ribs and struck him in the head with a metal tool. As a result of these injuries Lenkiewicz spent nine days in the hospital. Contrary to defendant's position, the State's case was sufficient to refute the self-defense claim beyond a reasonable doubt. The elements of atrocious assault and battery were proven, State v. Edwards, 28 N.J. 292 (1958), and it cannot be said that the verdict constituted a miscarriage of justice. State v. Sims, 65 N.J. 359, 373-374 (1974); Dolson v. Anastasia, 55 N.J. 2, 7 (1969).
Affirmed.