278 N.J. Super. 629 (1994)
651 A.2d 1088
STATE OF NEW JERSEY, PLAINTIFF,
v.
CHARLES CARTER, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided May 31, 1994.
*631 Rutherford H. Livengood, Assistant Prosecutor, for the State (Clifford J. Minor, Essex County Prosecutor, attorney).
Anthony R. Mautone, for defendant (Minichino and Mautone, attorneys).
COHEN, J.S.C.
Charles Carter, the defendant, is charged with the murder of Robert Hawkins. His anticipated defense is that the killing occurred while he was defending himself, his home, and his family against the violent conduct of the decedent. Defendant now seeks to compel the State to produce in discovery any criminal case history information (the "rap sheet") regarding the decedent. See R. 3:13-3(f).
The State contends that defendant is not entitled to this information, especially where, as here, defendant has not alleged or shown that at the time of the homicide he had knowledge of any prior acts of violence or aggressiveness on the part of the decedent.
Defendant contends that he is entitled to discovery of the victim's "rap sheet" since this may lead to admissible evidence of the victim's character trait of violence or aggressiveness. Defendant articulates two alternative grounds to support this contention. First, evidence of the victim's character trait of violence or aggressiveness may have a bearing on defendant's claim that he acted in self-defense. Alternatively, evidence of the victim's aggressive or violent character may corroborate the circumstances of the encounter in which defendant claims that the victim was the aggressor.
This court has found no reported decision in this jurisdiction which clearly makes the distinction between these two grounds. However, in other jurisdictions, where the attention of the court has been called to this distinction, the majority of such courts have held that evidence of the violent character of the victim is admissible in a homicide trial as tending to corroborate the circumstances *632 of the incident, regardless of whether the defendant was aware of such character. Annotation, Evidence  Self-Defense  Reputation, 1 A.L.R.3d 571, 601-03 (1965). See, e.g., Engstrom v. Superior Court, In and For County of Alameda, 20 Cal. App.3d 240, 97 Cal. Rptr. 484 (1971).
It is generally recognized that where the defendant in a prosecution for assault or homicide pleads self-defense and seeks to introduce evidence of the character or reputation of the victim for turbulence and violence, for the purpose of proving that the defendant had reason to, and did, apprehend death or serious bodily injury and thus was justified in acting as he did, it must appear that at the time of the encounter the defendant had knowledge of the victim's reputation in this regard, since otherwise his conduct could not have been influenced thereby. However, it has generally been held that where evidence of the character or reputation of the victim for turbulence and violence has merely been offered for the purpose of corroborating evidence for the defendant as to the circumstances of the encounter, such evidence is admissible whether the defendant had knowledge of such character or reputation at the time of the encounter or not.
[Annotation, supra, 1 A.L.R.3d at 575-76.]
The New Jersey courts which have admitted evidence of the victim's violent character as relevant to a claim of self-defense, have predicated such admission on knowledge by the defendant of the dangerous nature of the victim. See, e.g., State v. Burgess, 141 N.J. Super. 13, 16, 357 A.2d 62 (App.Div. 1976); State v. Engels, 2 N.J. Super. 126, 129, 64 A.2d 897 (App.Div. 1949); State v. Dart, 11 N.J. Misc. 192, 165 A. 289 (Sup.Ct. 1933). This requirement makes sense, since the use of self-protective force is only justifiable when the defendant honestly and reasonably believes that such force is immediately necessary to protect himself against the use of unlawful force by another. N.J.S.A. 2C:3-4 a. Any assertion that defendant's use of self-protective force was prompted by the victim's violent reputation or character would have little significance if the accused was actually unaware of such reputation or character. Cf. State v. Pratt, 226 N.J. Super., 307, 322, 544 A.2d 392 (App.Div. 1988).
In State v. Pratt, the issue of the victim's aggressive character arose in the context of whether the homicide was committed in the *633 heat of passion resulting from a reasonable provocation. The court stated:[1]
As we said in State v. Burgess, 141 N.J. Super. 13 [357 A.2d 62] (App.Div. 1976), "at the very least it must be demonstrated that defendant had knowledge of the `victim's' reputation for aggressiveness." Id. at 16 [357 A.2d 62]. "[A]bsent proof of defendant's knowledge of the [deceased's] pugnacious reputation, evidence thereof will not be admitted." Ibid. This requirement makes much sense since in the context of a claim of reasonable provocation an assertion that defendant's actions were influenced or prompted by the victim's aggressive reputation has little significance if the accused was actually unaware of the fact. Here, there was no such showing.
[Id. at 322, 544 A.2d 392.]
In State v. Conyers, 58 N.J. 123, 275 A.2d 721 (1971), a murder prosecution, the defendant did not assert self-defense and did not say that he armed himself because he had knowledge of the deceased's propensity for violence. Defendant argued that evidence of the deceased's aggressiveness should be admissible to corroborate defendant's claim that he accidentally shot and killed the decedent while resisting decedent's act of aggression. The Supreme Court agreed,[2] stating:
This is so. [Former] Rule of Evidence 47 permits proof of trait of character `for the purpose of drawing inferences as to the conduct of a person on a specified occasion,' and it does not matter whether the claim is that the killing was an intentional or a merely inadvertent response to the victim's aggressiveness.
[Id. at 133, 275 A.2d 721.]
Thus Conyers strongly suggests that, in the proper context, evidence of a victim's character trait of aggressiveness may be admissible, even though the defendant had no prior knowledge of *634 the victim's violent nature. One such context is where a defendant offers evidence of the victim's violent character for the purpose of establishing that the victim acted in conformity with his violent nature at the time of the crime.
Here defendant relies on N.J.R.E. 404(a)(2), which provides, in pertinent part:
(a) Character evidence generally. Evidence of a person's character or a trait of his character ... is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion except:
* * * * * * * *
(2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused....
N.J.R.E. 404(a)(2) imposes no prerequisite of knowledge upon a defendant who seeks to offer evidence of a victim's character trait of violence to show that the victim acted in conformity with that trait at the time of the crime. Indeed, where such evidence is offered to corroborate the circumstances of the incident, defendant's knowledge of the victim's character is irrelevant.
The 1973 revision of our rules of criminal discovery effectively made the prosecutor's entire file available to a criminal defendant upon written request, subject to the prosecutor's legitimate need for a protective order. R. 3:13-3. See, generally, Report of Supreme Court Committee on Criminal Procedure, 96 N.J.L.J. Index Page 449, 459, 462 (1973). The theory behind the rules of criminal discovery is that, absent some governmental need that information be kept confidential for a legitimate law enforcement purpose, the state has no interest in denying the accused access to any potentially relevant evidence, including any evidence which may tend to impeach state's witnesses. See People v. Riser, 47 Cal.2d 566, 305 P.2d 1, 13 (1956). This policy applies also to information not in the prosecutor's actual possession, but available at his request from other law enforcement agencies. See, e.g., Engstrom v. Superior Court, supra, 20 Cal. App.3d 240, 97 Cal. Rptr. at 486.
*635 In the instant motion, defendant seeks from the State any and all criminal case history information regarding the decedent. The defendant argues that this information may well lead to admissible evidence which will be vital to his defense. Prior arrests of the decedent for crimes of violence may lead to witnesses who could give opinion or reputation testimony as to the decedent's violent nature. And, of course, any prior convictions for violent crimes would themselves be admissible to prove decedent's violent nature.[3]
In light of the foregoing analysis the defendant's discovery motion is granted in part, and the State is directed to provide to defendant forthwith any and all criminal case history information regarding decedent Robert Hawkins which relates to charges involving violence, aggressiveness or offenses against the person.
NOTES
[1] The court also noted the general prohibition against the admission of specific instances of misconduct to establish the turbulent character of the deceased where the deceased's conduct is in issue. State v. Pratt, supra, 226 N.J. Super. at 322, 544 A.2d 392. See N.J.R.E. 405(a). Of course in the instant case the question is one of discovery, not admissibility. Evidence may be discoverable even if it is later determined to be inadmissible. The court is not called upon in this pretrial application to determine admissibility and does not do so.
[2] Since defendant had not made this argument at trial and since defendant had not made any offer to prove victim's violent character by a method authorized by Evid.R. 47, the Court rejected defendant's claim of "plain error" and affirmed the trial court's exclusion of evidence of the victim's character.
[3] See N.J.R.E. 405(a) which provides:

(a) Reputation, opinion, or conviction of crime. When evidence of character or a trait of character of a person is admissible, it may be proved by evidence of reputation, evidence in the form of opinion, or evidence of conviction of a crime which tends to prove the trait. Specific instances of conduct not the subject of a conviction of a crime shall be inadmissible.