TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

ROB BONTA
Attorney General

_____

|  |  |  |
|---|---|---|
| | : | |
| OPINION | : | No. 21-401 |
| | : | |
| of | : | September 8, 2022 |
| | : | |
| ROB BONTA | : | |
| Attorney General | : | |
| | : | |
| MANUEL M. MEDEIROS | : | |
| Deputy Attorney General | : | |

THE HONORABLE MICHAEL HESTRIN, DISTRICT ATTORNEY OF RIVERSIDE COUNTY, has requested an opinion on questions relating to dissemination of state summary criminal history information.

**QUESTIONS PRESENTED AND CONCLUSIONS**

1. May a district attorney voluntarily provide to criminal defense counsel, or to a self-represented criminal defendant, an unredacted copy of a victim's or a witness's RAP sheet, with or without a protective order limiting distribution, during the criminal discovery process under Penal Code section 11105 as recently amended?

As a general proposition, a district attorney may provide a copy of an adult witness's or victim's RAP sheet to defense counsel during the criminal discovery process, provided that certain information is redacted. A district attorney may not voluntarily provide a copy of a victim's or witness's RAP sheet, unredacted or otherwise, to a self-represented defendant.

1

2. If redaction is required, what information must be redacted before production?

Any juvenile court information, and (in the case of a victim) any information that may be used to locate or harass the victim or the victim's family, must be redacted from the RAP sheet, unless the district attorney is required to disclose that information under Penal Code section 1054.1(a).

## BACKGROUND

Criminal discovery in California is governed largely by statute.[1] Among other requirements, a prosecutor is required to produce for defense counsel[2] the names and addresses of intended prosecution witnesses.[3] The prosecution is also required, by both statute and the United States Constitution, to provide defense counsel with any exculpatory evidence—that is, any evidence tending to negate guilt, reduce punishment, or otherwise exculpate the defendant[4]—including any evidence tending to impeach the credibility of prosecution witnesses.[5] By statute in California, a prosecutor is required to disclose "the existence of a felony conviction of any material witness whose credibility is likely to be critical to the outcome of the trial."[6] California courts have also concluded that the prosecution may be required to disclose evidence of misdemeanor convictions involving crimes of moral turpitude, as such crimes may bear on the credibility of a

---

[1] See Pen. Code, pt. 2, tit. 6, ch. 10 (Discovery), § 1054 et seq. Although the statutory discovery provisions expressly apply only to criminal proceedings, the juvenile court has discretion to apply them in juvenile delinquency cases as well. (*J.E. v. Superior Court* (2014) 223 Cal.App.4th 1329, 1334.)

[2] Hereafter, we will use the term "defense counsel" to refer to both a public defender and private defense counsel in a criminal or juvenile delinquency proceeding.

[3] Pen. Code, § 1054.1, subd. (a).

[4] Pen. Code, § 1054.1, subd. (e); *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*).

[5] *People v. Salazar* (2005) 35 Cal.4th 1031, 1048; see *In re Pratt* (1999) 69 Cal.App.4th 1294, 1312 (duty to disclose evidence favorable to defendant extends to evidence reflecting on credibility of witnesses).

[6] Pen. Code, § 1054.1, subd. (d); *People v. Little* (1997) 59 Cal.App.4th 426, 432.

2

witness.[7]  A witness's RAP sheet[8] may also include exculpatory information in the form of arrests and information leading to federal or other-state criminal histories bearing on the witness's credibility.[9]  No statute specifically requires a prosecutor to turn over a witness's RAP sheet to defense counsel.[10]  However, a prosecutor is allowed to disclose more than is minimally required by the discovery statutes.[11]

Most district attorneys in California have easy access to an individual's RAP sheet via a computer query to the Department of Justice (DOJ) over the California Law

---

[7] *People v. Santos* (1994) 30 Cal.App.4th 169, 178-179, disapproved on other grounds, *People v. Dalton* (2019) 7 Cal.5th 166; *People v. Hayes* (1992) 3 Cal.App.4th 1238, 1243-1245; see *United States v. Bagley* (1985) 473 U.S. 667, 676; *People v. Morrison* (2004) 34 Cal.4th 698, 714.

[8] The acronym "RAP" commonly stands for "record of arrests and prosecutions."  (See, e.g., Cal. Code Regs., tit. 15, § 2449.4 [Board of Parole Hearings].)  The term is used in connection with both state and local summaries (see, e.g., *People v. Matthews* (1991) 229 Cal.App.3d 930, 935[local]; 89 Ops.Cal.Atty.Gen. 204, 209 (2006) [local]), however we use it here specifically in reference to state summary criminal history information, as defined in Penal Code section 11105, subdivision (a)(1)(A): "'State summary criminal history information' means the master record of information compiled by the Attorney General pertaining to the identification and criminal history of a person, such as name, date of birth, physical description, fingerprints, photographs, dates of arrests, arresting agencies and booking numbers, charges, dispositions, sentencing information, and similar data about the person."

[9] See, e.g., *People v. Stacy* (No. B132661, Mar. 29, 2002) 2002 WL 475382, 2002 Cal. App. Unpub. LEXIS 2453 (prosecution committed *Brady* violation by failing to disclose witness's FBI RAP sheet, which would have revealed out-of-state exculpatory information); *Kennedy v. Superior Court* (2006) 145 Cal.App.4th 359, 379 ("Certainly, evidence of charges pending against a prosecution witness at the time of trial is relevant for impeachment purposes").

[10] Pen. Code, § 1054.1; *People v. Roberts* (1992) 2 Cal.4th 271, 308.

[11] Cf., e.g., Green, *Prosecutors' Professional Independence*, 22 Sum.Crim.Just. 4, p. 9 (Summer, 2007) (questioning whether junior prosecutors, rather than supervisors, should have authority to be more generous in discovery than required by disciplinary rules and law).  State policy prefers informal discovery over an insistence that defense counsel be put to the proof of entitlement to the discovery information.  (See Pen. Code, § 1054, subd. (b) [One of the purposes of the discovery statutes is "[t]o save court time by requiring that discovery be conducted informally between the parties"].)

Enforcement Telecommunications System (CLETS).[12]  Defense counsel, however, do not have direct access to CLETS.[13]  Accordingly, unless the prosecutor voluntarily provides defense counsel a copy of the RAP sheet, or is ordered by the court to do so, defense counsel's only avenue for obtaining the information is by applying to DOJ.

Penal Code section 11105(b)(9) generally requires the Attorney General to furnish RAP sheet information to defense counsel upon counsel's certification that they are representing a person "in a criminal case or juvenile delinquency proceeding," and that the information is "needed in the course of their duties" and "requested in the course of representation."[14]

Penal Code 11142 prohibits defense counsel (or, indeed, any authorized recipient) from providing RAP sheet information to a person not authorized by law to receive it.[15]  And the DOJ certification form requires defense counsel to sign the following statement under penalty of perjury:

> I also certify and affirm that the information sought is for use only in this pending criminal action and for no other purpose.  By this Certification, I acknowledge that I am authorized to share the information obtained in court only if necessary for the defense of my client(s) in the above-referenced pending action.  I will not disseminate the information to anyone else, except those working on behalf of my client(s) and only when it is reasonably necessary for the defense of this case.  As set forth in this Certification, should another person be provided access to the information obtained, that person must be provided a copy of the Certification and agree to be bound by its terms.  The information may be disclosed in court in the pending criminal proceeding if necessary for the case.  The information may not be used for any other proceeding other than the pending criminal proceeding underlying this request.[16]

---

[12] Gov. Code, §§ 15150-15167; see 105 Ops.Cal.Atty.Gen. ___, fn. 3 (2022) [20-1001] (describing CLETS).

[13] The CLETS is maintained by the DOJ "for the use of law enforcement agencies." (Gov. Code, § 15152.)

[14] Pen. Code, § 11105, subd. (b)(9) (hereafter, "section 11105(b)(9)").

[15] Pen. Code, § 11142.

[16] See Certification of Attorney of Record, BCIA Form 8700 (Rev. 3/2021), https://tinyurl .com/bdwy6wjr (as of Sept. 6, 2022).

Upon receipt of a request with proper certification, DOJ will produce for defense counsel a copy of an adult witness's RAP sheet, redacted as necessary.[17]  As discussed further below, additional restrictions apply to the release of juvenile court information.

The request asks whether section 11105(b)(9)'s mandate to the Attorney General preempts a district attorney from voluntarily providing witness or victim RAP sheets to defense counsel.  As we will explain, the Attorney General's authority under section 11105(b)(9) is no impediment to this voluntary act by a district attorney.  However, as we will also explain, other statutes may preclude a district attorney from doing so, and it may be the case that a district attorney must redact certain information from the RAP sheet before it is furnished to defense counsel.

## ANALYSIS

As we have noted, the question presented to us suggests that, because of "recent amendments" to section 11105(b)(9), the Attorney General's authority to provide a copy of witness and victim RAP sheets to defense counsel preempts district attorneys from doing so.  But some district attorneys suggest that section 11105(b)(9) was never intended to include witness or victim RAP sheets at all, that it was intended only for defendant's own RAP sheet.  If that position were valid, then our Requestor's inquiry would raise a moot point.  Accordingly we address, first, the scope of section 11105(b)(9), and thereafter, the substance of the inquiry.

1. **Section 11105(b)(9) Encompasses Witness and Victim RAP Sheets, as well as a Defendant's Own RAP Sheet**

Prior to 1975, defense counsel were unable to access RAP sheet information, except in limited, post-conviction contexts.[18]  The same was not true for prosecutors, however, to whom the Attorney General was mandated to provide RAP sheet information,[19] and who had had computerized access to the information via the CLETS system since 1965.[20]  In 1971, the Court of Appeal in *Engstrom v. Superior Court*, noting this disparity in access, ruled that the district attorney, upon request of defense counsel, must procure prosecution-witness felony conviction information from the Attorney General, and provide it to defense counsel.[21]  But the Supreme Court later disapproved of

---

[17] See discussion below concerning redactions.

[18] See Stats. 1967, ch. 1519, § 1, former Pen. Code, § 11105, subd. (b).

[19] *Ibid*.

[20] See Stats. 1965, ch. 1595, § 1; Gov. Code, §§ 15150-15167.

[21] *Engstrom v. Superior Court* (1971) 20 Cal.App.3d 240, 244-245 (*Engstrom*).

*Engstrom*'s sweeping holding in *Hill v. Superior Court,* ruling instead that a trial court *had the discretion* to require the production of this information upon a sufficient showing of good cause.[22]  In 1975, responding to *Engstrom* and *Hill,* the Legislature amended section 11105(b) to mandate that the Attorney General provide criminal defense counsel with RAP sheet information—if defense counsel is "otherwise authorized access by statutory or decisional law."[23]

We may reasonably conclude that this legislative effort was intended to give defense counsel access to summary criminal history information about victims of crime. *Engstrom* itself concerned a defense request for criminal history information about a victim.[24]  And the legislative history supporting the amendment expressly cited *Engstrom.*[25]

Some four decades later, the Legislature further expanded defense counsel's entitlement, beyond justifiable access to particularized RAP sheet information, to encompass the entire RAP sheet.  In 2017, criminal defense attorneys approached the Legislature, complaining that, notwithstanding judicial recognition of defense entitlement to relevant criminal history information, prosecutor compliance was too often not sufficiently timely to provide adequate representation of defendants.[26]  Moreover, they argued, the 1975 amendment of section 11105, which had been intended to facilitate defense counsel's direct access to the information, actually impeded that access by requiring proof of some separate statutory or decisional authority to justify application to the Attorney General.  A committee analysis of the Legislature's curative measure, Assembly Bill 2133 ("A.B. 2133"), observed:

---

[22] *Hill v. Superior Court* (1974) 10 Cal.3d 812, 818, 820 (*Hill*).  These rulings, of course, antedated the 1990 adoption of the Crime Victims Justice Reform Act and its incorporated discovery statutes—including section 1054.1(d) and (e), briefly discussed above.  (Prop. 115, approved by the voters June 5, 1990, § 23, Pen. Code, §§ 1054-1054.7.)

[23] Stats. 1975, ch. 1222, § 2, former Pen. Code, § 11105, subd. (b)(8).

[24] See *Engstrom*, *supra*, 20 Cal.App.3d at p. 243; *Hill*, *supra*, 10 Cal.3d at p. 823 (discussion of *Engstrom*).

[25] Assem. Com. on Crim. Just., analysis of Assem. Bill No. 1674 (1975-1976 Reg. Sess.) as introduced, p. 2.

[26] See Assem. Com. on Pub. Safety, Analysis of Assem. Bill No. 2133 (2018-2019 Reg. Sess.) as introduced Feb. 12, 2018, p. 4 (hearing date March 20, 2018).

[A]s currently drafted, [section 11105(b)(9)] actually states that these attorneys have access only if there is another statute. So the law that authorizes everyone else, specifically states that criminal defense attorneys need another law to gain access. . . . This bill would clarify that Penal Code Section 11105, subdivision (b)(9), *on its own*, provides public defenders and criminal defense attorneys with the right to receive information from the DOJ database.[27]

Another analysis observed:

In most criminal cases, there is good reason for public defenders and criminal defense attorneys to be provided with information contained in the DOJ database. For example, evidence that a testifying witness has been convicted of a felony is generally admissible to attack the credibility of that witness [Citation], and misconduct bearing on a witness's propensity for honesty or veracity are likewise admissible, even where it falls short of felony conduct. [Citations.] Furthermore, the United States Supreme Court has made it clear that criminal defense attorneys are entitled to information that may cast doubt on the credibility of a prosecution witness. [Citation.][28]

Effective 2018, then, A.B. 2133 deleted from subdivision (b)(9) the requirement of a separate statutory or decisional authorization for RAP sheet information.[29] Based on the current language of subdivision (b)(9), and in response to a proper application, the

---

[27] *Ibid.*, italics added. The bill analysis also reported this concern of defense counsel:

It is important to note that many prosecutors who believe they are not permitted to share the 'rap sheets' of witnesses, will instead provide an internally produced memo summarizing only portions of the report. However, too often this memo is delayed or provided right before trial with no opportunity for the defense attorney to conduct thorough investigation. Therefore, AB 2133 will also accelerate the timeliness of obtaining this information.

(*Id.* at p. 5.)

[28] Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 2133 (2017-2018 Reg. Sess.) as amended March 22, 2018, pp. 5-6.

[29] A.B. 2133 also extended mandatory dissemination to defense counsel in juvenile delinquency proceedings.

Department of Justice will now provide defense counsel with a copy of a victim's or witness's RAP sheet (redacted as described below).

## 2. Section 11105(b)(9) Does Not Preempt a District Attorney from Disseminating Witness or Victim RAP Sheets to Defense Counsel

The opinion request appears to assume that section 11105(b)(9), as amended by A.B. 2133, impliedly makes the Attorney General the exclusive source of RAP sheet information for defense counsel outside the formal discovery process. However, we have addressed, and rejected, this proposed construction in the companion opinion issued this date, concerning voluntary dissemination of defendant's own RAP sheet by a district attorney to defense counsel in the course of discovery.[30] We need not repeat our analysis here, but will instead refer the reader to that opinion. Suffice it to say, we concluded there that, while a district attorney is not required to furnish defense counsel with a copy of defendant's RAP sheet, section 11105 has no bearing on the decision to do so voluntarily.

## 3. A District Attorney May Not Voluntarily Provide a Witness or Victim's RAP Sheet to a Self-Represented Defendant

Although the Legislature has mandated that the Attorney General furnish RAP sheet information to defense counsel, there is no similar mandate for the Attorney General to do so for a self-represented defendant.[31] Nor, indeed, has the Legislature even vested the Attorney General with *discretion* to do so.[32]

A self-represented defendant, like defense counsel, is entitled to felony conviction information about any material witness whose credibility is likely to be critical to the outcome of the trial.[33] And, to the extent dictated by constitutional considerations, a self-represented defendant is entitled to receive information about a witness's misdemeanor convictions.[34] But these are mandated disclosures by the prosecutor in criminal cases.[35]

---

[30] 105 Ops.Cal.Atty.Gen. ____ (2022) [20-1001].

[31] Cf. Pen. Code, § 11105, subd. (b)(9).

[32] Cf., Pen. Code, § 11105, subd. (c); see also *Loder v. Municipal Court* (1976) 17 Cal.3d 859, 873 (under subdivision (c), Attorney General has discretion to furnish information, but is permitted to do so only upon a showing of compelling need).

[33] Pen. Code, § 1054.1, subd. (d).

[34] See 20A Cal.Jur.3d (Feb. 2022 update) Criminal Law: Pretrial Proceedings § 976.

[35] Pen. Code, § 1054.1.

And the Legislature has gone to great pains to ensure that a self-represented defendant is not informed of any personal identifying information about the witness, requiring that any contact with the witness be either conducted by a licensed investigator or otherwise under the supervision of the court.[36]

We are aware of no statutory or case law authorizing a self-represented defendant to receive state summary criminal history information except as mandated by the Constitution or the discovery statutes. Accordingly, with those limited exceptions, a self-represented defendant is not a "person authorized by law to receive a record" within the meaning of Penal Code section 11140.[37] It would be unlawful, therefore, for a district attorney to voluntarily furnish a witness's or victim's criminal history information to a self-represented defendant, except such information as must be disclosed by statute or the federal Constitution.[38] A self-represented defendant must seek discovery of non-mandated witness or victim RAP sheet information through court order.

### 4. A District Attorney May Not Voluntarily Furnish Defense Counsel with a Copy of a Juvenile Witness or Victim's RAP Sheet, and Must Redact any Juvenile Court Information from an Adult Witness's RAP sheet

California has a strong policy favoring confidentiality of juvenile records. That policy helps to protect the interests of the child by assuring fairness, avoiding the stigma of criminality, and assisting in rehabilitation.[39] Welfare and Institutions Code section 827 "sets the current parameters of this state's policy with respect to the confidentiality of juvenile records, and governs release of such records."[40] Generally, matters in a juvenile court file are confidential and may be inspected only by statutorily identified persons or by other persons having the court's permission.[41]

---

[36] See Pen. Code, § 1054.2, subd. (b).

[37] Pen. Code, § 11140, subd. (b). A self-represented defendant may receive a copy of his or her own RAP sheet. (Pen. Code, §§ 11120-11124.)

[38] Pen. Code, § 11142. DOJ is likewise prohibited from voluntarily providing a self-represented defendant with a victim's or witness's RAP sheet. (Pen. Code, § 11141.)

[39] *T.N.G. v. Superior Court* (1971) 4 Cal.3d 767, 776-777; *In re R.G.* (2000) 79 Cal.App.4th 1408, 1410-1411.

[40] *Pack v. Kings County Human Services Agency* (2001) 89 Cal.App.4th 821, 827.

[41] 65 Ops.Cal.Atty.Gen. 503, 503 (1982); *In re Elijah S.* (2005) 125 Cal.App.4th 1532, 1541 ("Generally, a juvenile court has broad and exclusive authority to determine whether and to what extent to grant access to confidential juvenile records"), citing

9

Welfare and Institutions Code section 827 forbids disclosure of information from juvenile court records to any person who is not listed in that statute or otherwise authorized by juvenile court order to receive the information.[42]  Section 827 provides:

> A juvenile case file, any portion thereof, and information relating to the content of the juvenile case file, may not be disseminated by the receiving agencies to a person or agency, other than a person or agency authorized to receive documents pursuant to this section. . . .[43]

A district attorney is an authorized recipient of a witness's juvenile court record information.[44]  But defense counsel is not.[45]  Section 827 only authorizes defense counsel for a *minor* defendant in a criminal or delinquency proceeding to have access to the juvenile court record information, and then, only the records *of their own client*.[46]  In the absence of court order, then, defense counsel may not have access to the juvenile court information about a juvenile victim or witness; nor may defense counsel have access to the juvenile court information about an adult witness.

Accordingly, a district attorney may not voluntarily provide a copy of a minor victim or witness's RAP sheet to defense counsel in either a criminal or a juvenile delinquency proceeding.[47]  It follows that any juvenile court information that is included in an adult witness's RAP sheet must be redacted before delivery to defense counsel.

---

*T.N.G. v. Superior Court*, *supra*, 4 Cal.3d at p. 778 (juvenile court with exclusive authority to determine the extent to which records may be released to third parties).

[42] Welf. & Inst. Code, § 827, subd. (a)(4); see also *id.* at subd. (a)(1)(Q) (petition to juvenile court).

[43] Welf. & Inst. Code, § 827, subd. (a)(4), emphasis added.

[44] Welf. & Inst. Code, § 827, subd. (a)(1)(B).

[45] See *People v. Avila* (2006) 38 Cal.4th 491, 606-607.

[46] Welf. & Inst. Code, § 827, subd. (a)(1)(E).

[47] Pen. Code, § 11142 (forbidding disclosure of criminal history information to unauthorized persons).  For these same reasons, DOJ will decline a defense counsel request for a minor witness's RAP sheet under Penal Code section 11105(b)(9).

## 5. Marsy's Law Requires a District Attorney to Redact Certain Information from a Victim's RAP Sheet before Voluntarily Providing It to Defense Counsel

The voters enacted Marsy's Law in 2008.[48] The measure amended the California Constitution and added several statutes addressing a number of criminal-procedure issues that affect victims of crime. Most importantly for our analysis here, Marsy's Law added sections 28(b)(1) and (b)(4) to article I of the California Constitution. Subdivision (b)(1) declares that a victim has the right to be "treated with fairness and respect for his or her privacy and dignity, and to be free from intimidation, harassment, and abuse throughout the criminal or juvenile justice process."[49] Subdivision (b)(4) guarantees that a victim has the right "to prevent the disclosure of confidential information or records to the defendant, the defendant's attorney, or any other person acting on behalf of the defendant, which could be used to locate or harass the victim or the victim's family or which disclose confidential communications made in the course of medical or counseling treatment, or which are otherwise privileged or confidential by law."[50] For purposes of Marsy's Law, a victim is "a person who suffers direct or threatened physical, psychological, or financial harm as a result of the commission or attempted commission of a crime or delinquent act. . . . [and includes] the person's spouse, parents, children, siblings, or guardian, and . . . a lawful representative of a crime victim who is deceased, a minor, or physically or psychologically incapacitated."[51]

A victim's constitutional right of privacy under Marsy's Law is enforceable in the trial court by either the victim, the victim's lawful representative, or the prosecuting attorney "upon request of the victim."[52] And Marsy's Law would seem to contemplate that the victim has notice of the potential disclosure.[53] Accordingly, if a district attorney elects to furnish defense counsel with a copy of a victim's RAP sheet without a discovery

---

[48] "Victims' Bill of Rights Act of 2008: Marsy's Law," adopted by initiative measure (Prop. 9, §§ 1, 4.1, approved by the voters, Nov. 4, 2008); Cal. Const., art. I, § 28(b)(4).

[49] Cal. Const., art. 1, § 28(b)(1).

[50] Cal. Const., art. I, § 28(b)(4). Although Proposition 9 made numerous other changes to the California Constitution, our use of the term "Marsy's Law" in this opinion refers specifically to the rights guaranteed in article I, sections 28(b)(1) and 28(b)(4) of the Constitution.

[51] Cal. Const., art. I, § 28(e).

[52] Cal. Const., art. I, § 28(c)(1)

[53] See *Kling v. Superior Court* (2010) 50 Cal.4th 1068, 1080 (observing that Marsy's Law contemplates that the victim and prosecuting attorney would be aware that the defense had subpoenaed confidential records regarding the victim from third parties).

11

order to do so, then the district attorney should either redact any information covered by Marsy's Law before providing the RAP sheet to defense counsel,[54] or afford the victim an opportunity to object to disclosure of the information.[55]

### 6. We Are Aware of No Law Requiring a District Attorney to Redact Information from the RAP Sheet of an Adult Witness Who is not the Victim

Marsy's Law focuses on the privacy interest of victims, in the context of criminal proceedings; it does not expressly speak to the rights of witnesses who are not victims. The state Constitution does guarantee everyone a right to privacy, which extends to protect individuals from unjustified intrusion into their criminal history.[56]  Governmental custodians of records have a duty to "resist attempts at unauthorized disclosure and the person who is the subject of the record is entitled to expect that his right will be thus asserted."[57]

The right of privacy is not absolute, however, and the Legislature or the courts may balance an individual's interest in preventing disclosure of his or her criminal history information against other compelling interests favoring disclosure, such as those of a defendant in a criminal proceeding.[58]  The Legislature has thus determined that the Attorney General must disclose RAP sheet information to defense counsel for purposes

---

[54] As a matter of practice, the DOJ redacts a victim's address if it appears on a RAP sheet that is requested under section 11105(b)(9).

[55] Nothing precludes a district attorney from advising defense counsel of the existence of the confidential information on the RAP sheet, so that defense counsel might seek an order requiring disclosure.  (And see Pen. Code, § 1054.7 [affording an opportunity for court hearing if disclosure of confidential information might endanger victim].)  We note again that disclosure of RAP sheets is not required as part of discovery.  (*People v. Roberts*, *supra*, 2 Cal.4th at p. 308; *People v. Santos*, *supra*, 30 Cal.App. 4th at p. 175.)  As some have observed, however, "much, if not all, of the information contained in the rap sheets is discoverable. [Citations.]"  (See *People v. Coleman*, 2016 WL 902638, p. *8, quoting Cal. Crim. Law: Procedure & Practice (Cont. Ed. Bar 2014) § 11.8, p. 250.)

[56] Cal. Const., art. I, § 1; *International Federation of Professional & Technical Engineers, Etc.v. Superior Court* (2007) 42 Cal.4th 319, 340; *Westbrook v. County of Los Angeles* (1994) 27 Cal.App.4th 157, 165-166; *Central Valley Ch. 7th Step Foundation, Inc. v. Younger* (1989) 214 Cal.App.3d 145.

[57] *Westbrook v. County of Los Angeles*, *supra*, 27 Cal.App.4th at pp. 165-166.

[58] See *Loder v. Municipal Court*, *supra*, 17 Cal.3d at p. 864.

12

of a defendant's representation.[59]  In this context, then, defense counsel is an "authorized recipient" of state summary criminal history information.[60]

It has been suggested that the Information Practices Act of 1977 (IPA)[61] may require a district attorney to redact personal information from a witness's RAP sheet, but we cannot agree.  Although the IPA strictly limits disclosure of personal information by state agencies,[62] disclosures by local governmental agencies, such as the district attorney, are not covered by the act.[63]

Thus, as discussed above, we conclude that any juvenile court information, and (in the case of a victim) any information that may be used to locate or harass the victim or the victim's family, must be redacted from a RAP sheet prior to disclosure to defense counsel, unless the district attorney is required to disclose that information under Penal Code section 1054.1(a).  Aside from this, however, we are not aware of any statute or judicial decision compelling redaction of information that might appear on the RAP sheet of an adult non-victim witness.

---

[59] Gov. Code, § 11105, subd. (b)(9).

[60] Pen. Code, § 11140, subd. (b).  In this opinion, we address only a district attorney's voluntary disclosure of RAP sheet information to defense counsel in the course of discovery during a criminal or juvenile delinquency proceeding in which the district attorney is the prosecutor.  We do not address a district attorney's disclosure of such information to a defense attorney in any other context.

[61] Civ. Code, §§ 1798-1798.78.

[62] See Civ. Code, § 1798.24.

[63] Civ. Code, § 1798.3, subd. (b)(4) (excluding local agencies); see *All Angels Preschool/Daycare v. County of Merced* (2011) 197 Cal.App.4th 394, 400, fn. 5 (noting exclusion of counties); *Gilbert v. City of San Jose* (2003) 114 Cal.App.4th 606, 610, fn. 4 (noting exclusion of local agencies); 64 Ops.Cal.Atty.Gen. 756, 758 (1981) (noting exclusion of police departments).